UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELLS FARGO CLEARING SERVICES, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>CAROL MILLER,<br>    *Defendant.* | §<br>§<br>§<br>§   Civil Action No. 3:25-CV-00671-X<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wells Fargo Clearing Services, LLC (Wells Fargo) sued Defendant Carol Miller for allegedly failing to pay the balance owed on a promissory note. Wells Fargo now seeks summary judgment against Miller, confirming an arbitration award. For the reasons below, the Court **GRANTS** the motion for summary judgment and enters judgment in favor of Wells Fargo.

### I.    Background

Miller is a former employee of Wells Fargo. On January 30, 2009, Wells Fargo and Miller voluntarily entered a promissory note (Note) with a principal sum of $297,789.00. On January 19, 2012, the parties amended the note, and the sum became $255,958.95. The Note provided that if the Miller's employment terminated during the Note's term, Wells Fargo may declare the remaining balance immediately due and payable. Miller left employment with Wells Fargo on August 31, 2022, which rendered the balance immediately due. Additionally, the Note provided that it would bear interest on the unpaid principal balance at 2.95% plus an additional 3%, totaling

1

5.95% per year until the loan was repaid.

The Note included a valid arbitration agreement and required Miller to "pay all reasonable costs and expenses" related to litigation activities. On February 1, 2024, Wells Fargo filed an arbitration claim before the Financial Industry Regulatory Authority. Then on May 16, 2024, FINRA awarded Wells Fargo compensatory damages of $163,764.46 plus interest. The award also awarded Wells Fargo $3,279.20 in attorney fees and a Paper Decision Fee of $150.

On May 15, 2025, Wells Fargo filed its Second Amended Petition to Confirm Arbitration Award. Then on July 30, 2025, Wells Fargo motioned for default judgment to confirm the arbitration award. But the Court informed Wells Fargo that such a motion was not proper for confirmation of arbitration award, and recommended a motion for summary judgment instead.

## II.   Legal Standard

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[2] Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both

---

[1] FED. R. CIV. P. 56(a).

[2] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

parties have submitted evidence of contradictory facts."[3]

### III.   Analysis

The Court considers this motion for summary judgment unopposed.  In fact, Miller has not participated once in this case.  But even when the nonmoving party fails to respond or oppose a motion for summary judgment, the moving party must still discharge the burden of proving that there is no dispute of material fact.[4]  Here, Wells Fargo does so.  The FINRA Arbitration Award is undisputed.  Thus, Wells Fargo has adequately alleged and shown the existence of the final, valid arbitration agreement which it seeks to enforce.  And Miller has not appeared and thus not moved the for vacatur, modification, or correction of the arbitration award.

The Court now addresses the specific damages award from the arbitrator, which is undisputed.  This Court is "very deferential" to awards issued by arbitrators and finds them valid so long as they are derived from the "essence of the contract."[5]  This Court finds that the compensatory damages award of $163,764.46 plus interest is fair under this standard.  The attorney fees of $3,279.20 and the $150.00 for the Paper Decision Fee are also valid.  Wells Fargo is also entitled to costs of Court.  It should file a bill of costs within 14 days.

Pre-judgment interest will be awarded at a rate of 5.95% on the compensatory damages of $163,764.46, as provided for in the arbitration award.  This results in

---

[3] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

[4] *See John v. State of La. (Bd. of Trs. for State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985).

[5] *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013).

$14,868.82 of interest due from the day the arbitration award was entered on May 16, 2024, to when this judgment is entered.[6] Wells Fargo is also entitled to post-judgment interest as allowed by law at 3.69%.[7]

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion for summary judgment (Doc. 18).  The Court confirms the arbitration award of $163,764.46 in compensatory damages, attorney fees of $3,279.20, and Paper Decision Fee of $150.  Further, the Court grants pre-judgment interest valued at $14,868.82 and post-judgment interest of 3.69%.  Wells Fargo must file a bill of costs within 14 days.

**IT IS SO ORDERED** this 24th day of November, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] This was calculated using a 5.95% interest rate on the compensatory damages award for the 557 days before this judgment.

[7] *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").  The 1-year average Treasury yield on November 17 was 3.69%. *See* Selected Interest Rates (Daily) - H.15, Board of Governors of the Federal Reserve System, November 17, 2025, *at* https://www.federalreserve.gov/releases/h15/.